UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Charles Chandler,                    :
        Plaintiff,                   :
                                     :
        v.                           :   Case No. 1:11-cv-22-jgm
                                     :
Matthew Branchaud,                   :
Abatiell Associates, P.C.,           :
Eric Louttit, Michael Kennedy,       :
David Suntag,                        :
        Defendants.                  :

OPINION AND ORDER
(Docs. 5, 6, 7, 8 and 10)

Plaintiff Charles Chandler, proceeding *pro se*, brings this action claiming a conspiracy to deprive him of adequate legal representation in the course of a state court criminal proceeding.  Defendants include Attorney Matthew Branchaud and his law firm, Abatiell Associates, P.C.; Attorney Eric Louttit; Michael Kennedy of the Vermont Office of Disciplinary Counsel; and state court Judge David Suntag.

Now pending before the Court are motions to dismiss filed by each of the five Defendants.  In response to these motions, Chandler has moved for summary judgment and for sanctions.  For the reasons set forth below, the motions to dismiss (Docs. 5, 6, 7 and 8) are GRANTED, and Chandler's motions for summary judgment and sanctions (Doc. 10) are DENIED.

Factual Background

Chandler alleges that on March 30, 2006, he held a company barbeque at his place of business in Newfane, Vermont.  While the

barbeque was in progress, a group of volunteer firemen arrived at the scene in response to a report that Chandler had been burning brush.  When Chandler explained that he was not burning brush, the firemen allegedly "became extremely hostile and aggressive toward [Chandler] and his family."

Chandler ordered the firemen off of his property, and was subsequently charged with impeding a public officer, a felony offense in the State of Vermont.  In the course of the criminal proceeding, Chandler was represented by a series of attorneys, including Defendants Eric Louttit and Matthew Branchaud.  A jury ultimately convicted Chandler of the charged offense, and Judge Karen Carroll sentenced him to 29 days in prison.

Chandler now claims that Attorneys Louttit and Branchaud each intentionally undermined his defense because of disputes over legal fees.  Specifically, he claims that counsel failed to present evidence that would have proven his innocence.  He also claims that Attorney Louttit, after withdrawing as counsel, failed to turn over certain files containing exculpatory evidence.

Also named as Defendants are Michael Kennedy and Judge David Suntag.  Kennedy is Disciplinary Counsel at the Vermont Office of Disciplinary Counsel.  Judge Suntag is a state court judge.  The Complaint is unclear as to the direct involvement of either of these Defendants, alleging only that they and the firm of

2

Abatiell Associates, P.C. "knew that Defendant Louttit and
Defendant Branchaud were going to commit the above criminal acts
against Chandler at least two weeks prior to trial and merely
laughed about it," and that they "covered up the facts, post
dated documents and shared monies with Defendant Louttit and
Defendant Branchaud for their help in the matter."  (Doc. 1 at ¶
23.)

The Complaint sets forth a series of federal causes of
action, including claims under 48 U.S.C. §§ 1983 and 1985.
Chandler also asserts violations of the federal Racketeering
Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§
1962-64, and criminal violations under 18 U.S.C. §§ 872 and 1951.
Defendants now move to dismiss on various grounds, including lack
of subject matter jurisdiction, improper service of process,
judicial immunity, and failure to state a cognizable claim.

<u>Discussion</u>

I.   <u>Branchaud and Abatiell Associates Motion to Dismiss</u>

Attorney Matthew Branchaud and Abatiell Associates, P.C.
have moved to dismiss pursuant to Rules 12(b)(1), (2) and (6) of
the Federal Rules of Civil Procedure.  Their first argument is
that as private actors, they are not subject to suit under 42
U.S.C. § 1983.  They next submit that the Complaint is void of
any facts to support a claim under 42 U.S.C. § 1985.  Finally,

they contend that as a private citizen, Chandler cannot enforce the federal criminal statutes cited in his Complaint.

To state a Section 1983 claim, a plaintiff must allege that (1) the challenged conduct was "committed by a person acting under color of state law," and (2) such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010); see also Briscoe v. LaHue, 460 U.S. 325, 329-30 (1983). It is well settled that a private attorney, even if appointed by a court to represent a criminal defendant, does not act "under color of state law" for purposes of Section 1983. See Polk County v. Dodson, 454 U.S. 312, 319 (1981); Kruq v. McNally, 368 F. App'x 269, 269 (2d Cir. 2010) (affirming dismissal of Section 1983 claims against privately retained attorneys who represented the plaintiff in criminal proceeding on basis that attorneys were not state actors); Brown v. Legal Aid Soc'y, 367 F. App'x 215, 216 (2d Cir. 2010).

There is no dispute that Attorney Branchaud and his law firm, Abatiell Associates, P.C., were engaged in the private practice of law when they represented Chandler during his criminal proceedings. Indeed, the Complaint states that Chandler "hired Attorney Branchaud . . . to represent him in the above matter." (Doc. 1 at ¶ 13.) Consequently, these Defendants

cannot be held liable under Section 1983 for allegedly poor legal performance.

Reading the Complaint liberally, Chandler may also be alleging a conspiracy to deprive him of his constitutional rights.  Private individuals who engage in a conspiracy with state actors may, in limited circumstances, be liable under Section 1983.  See Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002).  In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."  Id. at 324-25; see also Ostensen v. Suffolk County, 236 F. App'x 651, 653 (2d Cir. 2007); Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992).

Vague, conclusory and general allegations of conspiracy are insufficient to state a claim under Section 1983.  See Ciambriello, 292 F.3d at 324; Johnson v. City of New York, 669 F. Supp. 2d 444, 450 (S.D.N.Y. 2009).  Rather, a plaintiff must allege "a sufficiently close nexus between the State and the challenged action of the private party so that the action of the latter may be fairly treated as that of the State itself, or [that] [the private actor] [was] jointly engaged with state officials in a conspiracy to deprive the plaintiff of his

5

constitutional rights." <u>Bhatia v. Yale Sch. of Med.</u>, 347 F. App'x 663, 664-65 (2d Cir. 2009) (internal quotation marks, citations, and brackets omitted); <u>see</u> <u>also</u> <u>Ciambriello</u>, 292 F.3d at 324 (noting that a plaintiff can state a claim by alleging that a private actor was "a willful participant in joint activity with the State or its agents"); <u>Johnson</u>, 669 F. Supp. 2d at 450 ("[A] plaintiff must allege that the private entity and state actors carried out a deliberate, previously agreed upon plan, or that their activity constituted a conspiracy or meeting of the minds." (internal quotation marks and brackets omitted)).

Here, the allegations fall short of stating a conspiracy claim.  Chandler alleges Attorney Branchaud intentionally provided poor legal representation.  As to any state involvement, the allegations are Defendants Suntag and Kennedy had notice of Branchaud's alleged plan, "aided and abetted" the plan, and engaged in an after-the-fact cover up.  Aside from conclusory allegations of "aiding and abetting," there is no explanation as to how Judge Suntag and the State's Disciplinary Counsel helped Attorney Branchaud execute his alleged plan.  Consequently, the Court is presented with general and unsupported claims of collective wrongdoing, none of which are sufficient to state a viable claim of conspiracy.  The Section 1983 claims being brought against Branchaud and Abatiell Associates, P.C., are therefore DISMISSED.

The motion to dismiss next contends Chandler has failed to state a claim under Section 1985.  A Section 1985 claim must allege "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action."  Palmieri v. Lynch, 392 F.3d 73, 86 (2d Cir. 2004) (citing Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999)); see also Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 791 (2d Cir. 2007).  Chandler has not alleged any such discriminatory animus motivated the purported conspiracy.  His Section 1985 claim is therefore DISMISSED.

Finally, Branchaud and Abatiell Associates, P.C. move to dismiss the claims raised pursuant to 18 U.S.C. §§ 872 and 1951. Section 872 does not apply here, as it forbids extortion by officers or employees of the United States, and there are no federal defendants in this case.  18 U.S.C. § 872.  Section 1951 is part of the "Hobbs Act," and pertains to the obstruction of interstate commerce through robbery, extortion or physical violence.  18 U.S.C. § 1951(a).  Assuming such claims have been set forth in the Complaint, Section 1951 is an exclusively criminal statute and provides no right of action for private citizens.  John's Insulation Inc. v. Siska Constr. Co., 774 F. Supp. 156, 163 (S.D.N.Y. 1991); see also Bajorat v. Columbia-Breckenridge Dev. Corp., 944 F. Supp. 1371, 1377-78 (N.D. Ill. 1996) (collecting cases holding that the Hobbs Act and

7

other criminal statutes do not allow for a private right of action).  These claims are therefore DISMISSED.

II.  <u>Louttit Motion to Dismiss</u>

Attorney Louttit has also moved to dismiss, raising essentially the same arguments set forth by Attorney Branchaud and his firm.  Louttit also argues Chandler's RICO claim should be dismissed for failure to state a claim.

A plaintiff alleging a civil RICO violation must allege: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce."  <u>Moss v. Morgan Stanley, Inc.</u>, 719 F.2d 5, 17 (2d Cir. 1983).  To state a RICO conspiracy claim, the plaintiff must allege the Defendants "agreed to form and associate themselves with a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise."  <u>Conte v. Newsday, Inc.</u>, 703 F. Supp. 2d 126, 133 (E.D.N.Y. 2010) (quoting <u>Cofacredit, S.A. v. Windsor Plumbing Supply Co.</u>, 187 F.3d 229, 244 (2d Cir. 1999)).  "Racketeering activity" is defined as certain criminal acts under state and federal law including mail fraud, 18 U.S.C. § 1341, and wire fraud, 18 U.S.C. § 1343.  <u>See</u> 18 U.S.C. § 1961(1)(B).

Chandler has not alleged any such criminal conduct.  He also has failed to specify any "predicate acts," and aside from an indirect impact on his work, has not set forth an impact on interstate commerce.  Nor do his allegations go beyond vague and conclusory statements about a shared enterprise.  Chandler accuses his attorneys of deliberately undermining his criminal case, and faults Judge Suntag and Attorney Kennedy for allegedly failing to prevent or punish such alleged misconduct. Allegations of a cover up and "shared monies" are unsupported, and cannot survive a motion to dismiss.

Accordingly, and for reasons set forth above with respect to the motion to dismiss filed by Attorney Branchaud and Abatiell Associates, P.C., Attorney Louttit's motion to dismiss is GRANTED, and all claims against him are DISMISSED.

The Court further finds Chandler's RICO allegations are meritless, and DISMISSES those claims as to all Defendants.  See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (district court has inherent power to dismiss claims *sua sponte*).

III.  Judge Suntag Motion to Dismiss

Judge Suntag's motion to dismiss argues that Chandler has failed to state a plausible claim, and that even assuming a plausible claim, the Judge is protected by absolute judicial immunity.

As discussed above, the claims against Judge Suntag are largely conclusory, essentially alleging he was paid to allow attorney misconduct, he "aided and abetted" such misconduct, and he participated in a "cover up" of certain facts.  Even to the extent Chandler has provided specific factual allegations, such as his claim that there were "shared monies," his claims must be dismissed.

The Second Circuit recently made clear that "even if the complaint contains sufficiently 'well-pleaded' allegations, 'only a complaint that states a plausible claim for relief survives a motion to dismiss.'"  Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)).  "A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' — that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'"  Id. (quoting Denton v. Hernandez, 504 U.S. 25, 32–33 (1992).  Such is the case here, as Chandler's claims of a state court judge accepting money in exchange for allowing attorney malfeasance, back-dating documents, and otherwise engaging in a cover up, are clearly baseless.  As the Second Circuit noted in Gallop, a court has "no obligation to entertain [such] pure speculation and conjecture."  Id.

With regard to the question of judicial immunity, it is not clear how Judge Suntag was involved in this matter.  He did not

10

preside over Chandler's criminal case, but was perhaps alerted by
Chandler of attorney wrongdoing.  In any event, if Judge Suntag
is being sued for failing to take corrective action in his role
as a judge, or even for accepting money in exchange for judicial
inaction, he is entitled absolute judicial immunity.  See, e.g.,
Dennis v. Sparks, 449 U.S. 24, 28-29 (1980).  All claims against
him are therefore DISMISSED.

IV.   Kennedy Motion to Dismiss

     The final motion to dismiss before the Court is that of
Attorney Kennedy.  Kennedy moves for dismissal under Fed. R. Civ.
P. 12(b)(5), arguing insufficient services of process.
Specifically, Kennedy contends that although a copy of the
Summons and Complaint was left with an administrative assistant
at the Office of Disciplinary Counsel, that did not satisfy the
requirements for personal service set forth in the Federal Rules.

     Under Fed. R. Civ. P. 4(e), service upon an individual must
be made either in accordance with state law, or by "(A)
delivering a copy of the summons and of the complaint to the
individual personally; (B) leaving a copy of each at the
individual's dwelling or usual place of abode with someone of
suitable age and discretion who resides there; or (C) delivering
a copy of each to an agent authorized by appointment or by law to
receive service of process." Fed. R. Civ. P. 4(e).  Under
Vermont law the requirements are nearly identical, adding only

that service may be made by publication or "by leaving a copy of
the summons and of the complaint at the defendant's dwelling
house or usual place of abode" upon a showing that service cannot
otherwise be made with due diligence and upon order of the court.
Vt. R. Civ. P. 4(d)(1).

Kennedy has submitted an affidavit in which he states the
administrative assistant at his office was not authorized to
accept service of process on his behalf, and he was not present
in the office when the documents were delivered.  The fact that
Kennedy may have subsequently taken possession of the papers is
insufficient.  See Nat'l Dev. Co. v. Triad Holding Corp., 930
F.2d 253, 256 (2d Cir. 1991) ("actual notice" of action does not
cure insufficient service).  Accordingly, based upon the record
before the Court, Kennedy was never properly served.

Despite Chandler's failure to comply with the Federal Rules
regarding service of process, dismissal is not automatic.  See,
e.g., Bender v. Gen. Servs. Admin, 2006 WL 988241, at *4
(S.D.N.Y. Apr. 14, 2006) (where service has not been proper,
court has broad discretion to either dismiss or to quash improper
service and extend time for service); Tishman v. Assoc. Press,
2005 WL 3466022, at *1 (S.D.N.Y. Dec. 16, 2005) (same).  Rule
4(m) provides that upon a showing of "good cause" for a failure
to effect proper service, a court "must extend the time for
service for an appropriate period."  Fed. R. Civ. P. 4(m).

Courts also "have discretion to grant extensions even in the absence of good cause." Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007). Such discretion should be exercised after a "weighing of overlapping equitable considerations." Id. at 197; see also Bender v. Gen. Servs. Admin., 539 F. Supp. 2d 702, 705 (S.D.N.Y. 2008).

In this case, Chandler has made no effort to show good cause for his failure to properly serve Defendant Kennedy. Furthermore, the equitable considerations do not favor granting him additional time to effect proper service. Chandler's claims against Attorney Kennedy are essentially the same as those brought against Judge Suntag. Although Kennedy does not enjoy judicial immunity, he does benefit from quasi-judicial immunity for any decision he may have made regarding attorney discipline. See McCain v. Hermann Law Office, 2010 WL 3322708, at *7 (D. Vt. July 7, 2010) (collecting cases); see also Simons v. Bellinger, 643 F.2d 774, 780 (D.C. Cir. 1980) (state bar counsel's decision to investigate a complaint "is well-recognized as a determination which is comparable to judicial decision making" and is entitled to absolute immunity). Moreover, as discussed above, allegations of "shared monies" and efforts at a cover up by the Office of Disciplinary Counsel are unsupported, conclusory, and need not be entertained by the Court. See Gallop, 642 F.3d at 368. All claims against Defendant Kennedy are therefore DISMISSED.

13

V.   <u>Leave to Amend</u>

Although a district court generally should not dismiss a *pro se* complaint without granting the plaintiff leave to amend, dismissal is appropriate if leave to amend would be futile.  <u>See</u> <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000).  Here, leave to amend would be futile, since not even "a liberal reading of the complaint gives any indication that a valid claim might be stated."  <u>Id.</u>

Chandler's claims against private attorneys fail to state federal claims for relief, and re-pleading cannot cure this substantive flaw.  His assertions of criminal violations under Title 18 are equally meritless, as those statutes cannot be enforced by private citizens.  Finally, Chandler's vague conspiracy claims against Judge Suntag and Vermont's Disciplinary Counsel are clearly baseless, and cannot overcome the immunities to which those Defendants are entitled.  The Court therefore declines to grant leave to amend in this case.  <u>See</u>, <u>e.g.,</u> <u>Zavalidroga v. Cote</u>, 395 F. App'x 737, 740-41 (2d Cir. 2010).

<u>Conclusion</u>

For the reasons set forth above, the Defendants' motions to dismiss (Docs. 5, 6, 7 and 8) are GRANTED.  Chandler's motions for summary judgment and for sanctions (Doc. 10) are DENIED as moot, and this case is DISMISSED.

SO ORDERED.

14

Dated at Brattleboro, in the District of Vermont, this 13th day of September, 2011.

/S/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge